UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FAUSTO ANDRES ABAD,

       Plaintiff,
vs.

FINANCIAL CREDIT SERVICE, INC., d/b/a
ASSET RECOVERY ASSOCIATES,

       Defendant.
_____/

**COMPLAINT**

**COMES NOW**, the Plaintiff, FAUSTO ANDRES ABAD, by and through undersigned counsel, and brings this action against the Defendant, FINANCIAL CREDIT SERVICE, INC., d/b/a ASSET RECOVERY ASSOCIATES ("ARA"), and as grounds thereof would allege as follows:

**INTRODUCTION**

1. This action is brought by a consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2. Plaintiff alleges that Defendant has unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with the FDCPA, FCCPA and the TCPA.

3. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from

*FD-2263*

engaging in abusive, deceptive, and unfair collection practices.

4.  The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

## JURISDICTION

5.  This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012).

6.  Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal TCPA and FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.  Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District.

## PARTIES

8.  At all times relevant to this Complaint, Defendant, ARA was and is an out of state debt collector, which engaged in debt collection activities in the State of Florida without being registered as a "Consumer Collection Agency" as required by Florida law, has its principal place of business in Illinois.

9.  At all times relevant to this Complaint, ARA was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72

*FD-2263*

because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

10. At all times relevant to this Complaint, ARA regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

11. At all times relevant to this Complaint, ARA regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

12. At all times relevant to this Complaint, ARA was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

13. At all times relevant to this Complaint, ARA regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

14. At all times relevant to this Complaint, ARA has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

15. At all times relevant to this Complaint, the Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA, FCCPA and the TCPA by virtue of being directly affected by violations of the Act.

16. At all times relevant to this Complaint, the Plaintiff, was and is a natural person "person" as defined by 47 U.S.C. § 153(32).

17. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

18. Defendant sought to collect a debt from Plaintiff arising from an alleged debt

FD-2263

incurred by Plaintiff for personal, family, or household purposes.

19. Upon information and belief, Defendant, ARA by and through its through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect a debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone, (561) 232-9197.

20. Upon answering any of these calls, Plaintiff was always greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect the Plaintiff to a live telephone employee.

21. Plaintiff is the sole possessor and user of the cellular telephone that Defendant was calling

22. These calls originated from various numbers including 630-599-5060 and include but are not limited to calls placed on July 7, 2014 and August 14, 2014.

23. On September 22, 2014, at or about 10:40 a.m., Plaintiff called 630-599-5060 to find out why they were calling him. Plaintiff was transferred to an agent of Defendant—a debt collector who identified himself as Timothy Johnson.

24. Mr. Johnson stated that he works for the courts and was asked by the courts to call Plaintiff before filing a lawsuit against him.

25. Mr. Johnson said that was imperative that they talked so he could stop the filing of a lawsuit against Plaintiff in Tulare County, California.

26. Mr. Johnson stated that he was calling about an MBNA card that was allegedly opened by Plaintiff on April 7, 1995, with a last payment on September 4, 2003.

27. Plaintiff has never lived in California nor applied for a credit card in California.

28. Moreover, Plaintiff has never applied for nor received a credit card from MBNA.

29. Plaintiff then informed Mr. Johnson that he had the wrong person and that it was

*FD-2263*

not his card.

30. Plaintiff is a naturalized American citizen of Cuban descent with a heavy Cuban accent.

31. Mr. Johnson then said "you can't come to the United States and steal money. You can't come over to this county and not pay your bills. Go back to your own country and do that there."

32. Mr. Johnson then attempted to transfer the call to his manager telling Plaintiff "to think about this very carefully because if you don't pay there will be a warrant for you arrest."

33. Mr. Johnson also informed Plaintiff that if doesn't show up to court for the lawsuit, there will be a warrant issued for his arrest.

34. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placements of the calls.

35. Plaintiff was damaged by these illegal calls. His privacy was improperly invaded, minutes were used from his cell phone plans and he was forced to spend time tending to unwanted calls.

36. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

37. Upon information and belief, Defendant knew their collection techniques were in violation of the TCPA, yet still continued to use them therefore willfully or knowingly violated the TCPA.

## COUNT I-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(7)

38. Plaintiff repeats, realleges and incorporates paragraphs 1 through 37.

39. Florida Statutes §559.72(7) states:

*FD-2263*

> "In collecting debts, no person shall…
>
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Florida Statutes §559.72(7).

40. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(7) by harassing Plaintiff based upon his county of origin and by threatening arrest.

41. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

42. Plaintiff has hired Loan Lawyers, LLC, to represent Plaintiff in this action and has agreed to pay a reasonable attorney's fee.

43. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, FINANCIAL CREDIT SERVICE, INC., D/B/A ASSET RECOVERY ASSOCIATES, for actual damages, punitive damages, statutory damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require.

### COUNT II-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

44. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 37.

45. Florida Statutes §559.72(7) states:

*FD-2263*

"In collecting debts, no person shall…

>Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Florida Statutes §559.72(9)

46. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9) by stating that it would be filing a lawsuit when it was in fact barred by the statute of limitations—and in the worng venue—and the debt was known not to be legitimate.

47. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

48. Plaintiff has hired Loan Lawyers, LLC, to represent Plaintiff in this action and has agreed to pay a reasonable attorney's fee.

49. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

50. WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, FINANCIAL CREDIT SERVICE, INC., D/B/A ASSET RECOVERY ASSOCIATES, for actual damages, punitive damages, statutory damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require.

### COUNT III-VIOLATION OF THE FDCPA, 15 USC 1692e

51. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 37.

*FD-2263*

52. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FDCPA in contravention of 15 U.S.C. 1692e, which states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> Defendant, through its agents, representatives and/or employees
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

53. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated each of the above-reference section of 15 U.S.C. 1692e.

54. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

55. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

56. Pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover actual damages together with additional statutory damages up to $1,000.00, together with court costs and reasonable attorneys fees.

*FD-2263*

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, FINANCIAL CREDIT SERVICE, INC., D/B/A ASSET RECOVERY ASSOCIATES, for actual damages, punitive statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

### COUNT IV- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)

57.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 37.

58.     Defendant placed many non-emergency calls, including but limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C §227 (b)(1)(A)(iii).

59.     It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system without their express consent.

60.     Plaintiff did not expressly consent to ARA to contact him via cellular phone. *See* Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014). Even oral instructions to cease calls effectively revoke any prior consent the caller may have had. *See* Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

61.     The aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system.

62.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

63.     Defendant's method of contacting Plaintiff is indicative of its ability to dial

numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

64. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

65. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

66. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii).

67. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C §227 (b)(1)(A)(iii).

68. As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

69. As a result of Defendant's violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every

*FD-2263*

negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

70.     Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant FINANCIAL CREDIT SERVICE, INC., D/B/A ASSET RECOVERY ASSOCIATES for statutory damages of $1,500.00 for each and every violation, an order be entered enjoining Defendant from calling Plaintiff's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

### DEMAND FOR JURY TRIAL

Plaintiff, FAUSTO ANDRES ABAD, hereby demands a trial by jury of all issues so triable.

### VERIFICATION

I, FAUSTO ANDRES ABAD *Sui Juris*, having read the foregoing, hereby verify, under penalty of perjury, that the above statements of facts are true and correct.

_____
FAUSTO ANDRES ABAD

*Respectfully Submitted,*

_____
YECHEZKEL RODAL, ESQ.
Florida Bar Number: 91210
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave. 2nd Floor
Ft. Lauderdale, Florida 33316
Telephone:    (954) 523-4357
Facsimile:     (954) 581-2786
E-mail:    chezky@floridaloanlawyers.com

*FD-2263*